DANIEL L. WARSHAW (Bar No. 185365)
   dwarshaw@pswlaw.com
NAVEED ABAIE (Bar No. 323338)
   nabaie@pswlaw.com
**PEARSON, SIMON & WARSHAW, LLP**
15165 Ventura Boulevard, Suite 400
Sherman Oaks, California 91403
Telephone: (818) 788-8300

Attorneys for Plaintiff and the Proposed Class

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOANNA CEBALLOS-BIRNEY, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>WALMART INC.,<br><br>Defendant. | Case No.  **'20 CV 1224 BEN RBB**<br><br>**CLASS ACTION COMPLAINT**<br><br>1. **Violation of California Consumers Legal Remedies Act ("CLRA"); Cal. Civ. Code §§ 1750,** *et seq.*<br><br>2. **Violation of California's False Advertising Laws ("FAL"); Cal. Bus. & Prof. Code §§ 17500,** *et seq.*<br><br>3. **Violation of California's Unfair Competition Laws ("UCL") Unlawful, Fraudulent & Unfair Business Practices; Cal. Bus. & Prof. Code §§ 17200,** *et seq.*<br><br>4. **Violation of The Magnuson-Moss Warranty Act; 15 U.S.C. §§ 2301** *et seq.*<br><br>5. **Breach of Express Warranty**<br><br>6. **Unjust Enrichment**<br><br>**DEMAND FOR JURY TRIAL** |

934883.3

## NATURE OF THE CASE

1.     This is a putative class action on behalf of Plaintiff Joanna Ceballos-Birney ("Plaintiff"), and all others similarly situated, against Defendant Walmart Inc. ("Walmart" or "Defendant").

2.     Defendant is one of the biggest leading retailers in the United States. Defendant owns and operates brick-and-mortar retail stores throughout the United States. Defendant markets, advertises, and sells various products, including, but not limited to pain reliever and fever reducers, to consumers in its brick-and-mortar stores.

3.     Defendant distributes its own brand of pain reliever and fever reducer under the "equate™" label, including Infant's Pain & Fever Acetaminophen - equate™ ("Infant's Products") and Children's Pain & Fever Acetaminophen - equate™ ("Children's Products"), two well-known brand-name Over The Counter ("OTC") medications. The Infant's Products and Children's Products are collectively hereinafter referred to as the "Products."

4.     Acetaminophen, the active ingredient in the Products, can be dangerous, and perhaps even fatal, if taken in large doses. The potential risk associated with an acetaminophen overdose terrifies parents and caregivers and causes them to be extra careful when buying medicine for their children. Defendant exploits this fear by misleading consumers.

5.     It is the manner in which Defendant markets, prices, and sells the Products in its brick-and-mortar stores that forms the underlying basis for this action.

6.     Defendant's advertisements, marketing representations, and placement of the Products in its brick-and-mortar stores are misleading, untrue, and likely to deceive reasonable consumers. Defendant purposely packages Infant's Products with distinctive and colored lettering of the word "infant's" on the product's front-label, while packaging Children's Products with distinctive and colored lettering of

the word "Children's" on the product's front-label. Accordingly, Defendant distributes, markets, and sells the Products in a manner which deceives reasonable consumers into thinking that infants cannot safely take Children's Products.

7.     Furthermore, despite the fact that the Products contain the same exact amount of acetaminophen in the same dosage amounts, Defendant markets and sells Infant's Products to consumers, such as Plaintiff, at a substantially higher price than Children's Products. In stores, the Infant's Products cost approximately three times more per ounce than Children's Products for the same amount of medicine.

8.     No reasonable consumer would pay approximately three times more for Infant's Products, as compared to Children's Products, unless he or she was deceived into thinking that infants cannot safely take Children's Products.

## JURISDICTION AND VENUE

9.     Jurisdiction and venue are properly vested in this Court because a substantial portion of the acts, events, and/or failure to act giving rise to the claims alleged herein occurred in this judicial district. Additionally, Defendant has substantial business contacts with the State of California, or otherwise avails itself of the markets within California, through promotion, sale, marketing and distribution of the Products in California, to render the exercise of jurisdiction by this Court proper and necessary. Furthermore, Defendant can be brought before this Court pursuant to California's long-arm jurisdictional statute.

10.    This action is brought pursuant to the Class Action Fairness Act, 28 U.S.C. § 1332 (CAFA). Jurisdiction is vested in this Court in that there is minimal diversity and the aggregate amount in controversy exceeds five million dollars ($5,000,000.00), exclusive of interest and costs.

11.    Venue is proper pursuant to 28 U.S.C. § 1391 because a substantial part of the events and misrepresentations giving rise to Plaintiff's claims occurred in this District.

/ / /

3

## PARTIES

12.    At all relevant times, Plaintiff Joanna Ceballos-Birney, has resided in San Diego, California. When Plaintiff purchased the Infant's Products for the first time on or about October 2019, Plaintiff resided and was domiciled in San Diego, California. Plaintiff is the parent of three children, ages two (2), seven (7) and nine (9).

13.    Plaintiff saw and relied upon the Infant's Products packaging and labeling.

14.    Plaintiff purchased the Infant's Products because she believed that the Infant's Products were specifically formulated and designed for infants based on the marketing and labeling of the Infant's Products. Plaintiff believed that the Infant's Products were different than the Children's Products. If Plaintiff knew that the Infant's Products were nothing more than the Children's Products, she would not have purchased the Infant's Products or paid a price premium for the Infant's Products.

15.    Had Defendant not made the false, misleading, and deceptive representation that the Infant's Products were formulated and designed for "Infants," nor omitted the fact that the Infant's Products were nothing more than the Children's Products with the word "Infant's" prominently displayed, Plaintiff would not have been willing to pay the premium for the Infant's Products, or she would not have been willing to purchase the Infant's Products at all. Plaintiff purchased and paid more for the Infant's Products than she would have if she had known the truth about the Infant's Products. The Infant's Products that Plaintiff received were worth less than the Infant's Products for which she paid. Plaintiff was injured in fact and lost money as a result of Defendant's deceptive conduct.

16.    Plaintiff desires to purchase "Infant's" products in the future and regularly visits retail locations where such products are sold. If Plaintiff knew that the Infant's Products' labels were truthful and non-misleading, she would continue

to purchase the Infant's Products in the future.

17.    At present, however, Plaintiff cannot purchase the Infant's Products because she remains unsure whether the labeling of the Products is, and will be, truthful and non-misleading. If the Infant's Products were in fact different from the Children's Products, or if it were disclosed that the Infant's Products were the same as the Children's Products, Plaintiff would purchase the Products in the immediate future, and she would be willing to pay a price premium if they were in fact specially formulated for infants.

18.    Defendant is a corporation incorporated under the laws of Delaware and is a "person" as defined in 33 U.S.C. § 1362(5) and 40 C.F.R. § 122.2.

19.    Defendant is, and at all times mentioned in this Complaint, a corporation organized and existing under the laws of the State of Delaware with its principal place of business located at 708 Southwest 8th Street, Bentonville, Arkansas, 72716. Defendant conducts business in all fifty states of the United States, including this District. Defendant can sue and be sued in this Court.

## FACTUAL ALLEGATIONS

20.    Defendant distributes two different pediatric OTC painkillers—Infant's Products and Children's Products.

21.    Prior to the acts complained herein, liquid acetaminophen marketed for "infants" was only available in 80 mg/0.8 mL or 80 mg/mL concentrations, while liquid acetaminophen marketed for "children" was only available in 160 mg/5 mL concentrations.

22.    The difference in concentrations caused some consumers to accidentally provide the wrong dosage of medicine to their children, thereby causing them to overdose.

23.    Between 2000 and 2009, U.S. Food and Drug Administration (FDA) received reports of twenty (20) children dying from acetaminophen toxicity, and at least three (3) deaths were tied to mix-ups involving the two pediatric medicines.

24.   On December 22, 2011, the FDA informed the public that liquid acetaminophen marketed for infants would only be available in 160 mg/5 mL in order to prevent confusion and accidental acetaminophen toxicity.

25.   Since then, the only differences in liquid acetaminophen marketed for infants versus children has been the price and dosing instrument included with the product (*i.e.*, Defendant's Infant's Products come with a syringe while the Children's Products come with a plastic cup).

26.   The Products have the same 160 milligram concentration of acetaminophen, are interchangeable and therefore suitable for infants and children, adjusting the dosage based only on the weight and age of the child.

27.   Defendant has been engaging in the unfair, unlawful, deceptive, and fraudulent practice of manufacturing, marketing and selling the same product as two unique medicines, such that parents and caregivers mistakenly believe that they cannot purchase the significantly cheaper Children's Products for an infant.

28.   Defendant misleads consumers by using deceptive marketing techniques which obscure critical facts–that infants can safely take Children's Products and that the Products are exactly the same—from consumers nationwide.

29.   Defendant deceives consumers so that they will buy the deceptively-labeled Infant's Products for infants, which cost significantly more than Children's Products, even though the Products contain the same exact amount of acetaminophen in the same dosage amounts.

30.   There are various conventions applied in sub-dividing the pediatric population by age. The FDA classification[1] for infants and children is as follows:

---

[1] Guidance for Industry – General Considerations for Pediatric Pharmacokinetic Studies for Drugs and Biological products, Draft Guidance, US FDA, 10 November 1998.

6
CLASS ACTION COMPLAINT

infant (1 month to 2 years) and children (2 to 12 years).[2] Consumers may reasonably believe that a product that is labeled and marketed for consumption by infants should only be consumed by those between the ages of one (1) month to two (2) years old.

31.     Defendant distributes, markets, and sells the Products in a manner that deceives reasonable consumers into thinking that infants cannot safely take the Children's Products.

32.     Specifically, Defendant distinguishes the two products by calling one "infant's" and one "children's" in distinctive and colored lettering.



33.     Additionally, at the top of the Infant's Products, Defendant distinctively states "Compare to Infants' Tylenol® Oral Suspension active ingredient," while the top of the Children's Products states, "Compare to Children's Tylenol® Oral Suspension active ingredient." Through this wording, Defendant attempts to deceive reasonable consumers into believing that the active ingredient

---

[2] http://archives.who.int/eml/expcom/children/Items/PositionPaperAgeGroups.pdf (last visited March 25, 2020)

7

in Infant Tylenol® is *different* than the active ingredient in Children's Tylenol®, when it knows that the active ingredient is the same, further inducing reasonable consumers to purchase the more expensive Infant's Products.





34.     Defendant further misleads consumers by placing "Ages 2-3" on the Infant's Products while 1) labeling the product "Infant's" and 2) placing a photo of an infant on the principal display panel. Despite the inclusion of an age range, reasonable consumers believe that a product specifically labeled "Infant's" that features a photo of an infant is just that, for infants. And no reasonable consumer (as confirmed by FDA age classification, which confirms an infant is ages 1 month to 2 years) would believe that an "infant" is a 2 or 3 year old.

35.     Furthermore, despite the fact that the Products contain the same exact amount of acetaminophen in the same dosage amounts, Defendant markets and sells Infant's Products to consumers, such as Plaintiff, at a substantially higher cost than

the Children's Products. In stores, Infant's Products cost approximately three times as much per ounce over Children's Products for the same amount of medicine.

36.   Defendant knows that consumers, such as Plaintiff, are typically more cautious about what medicine they give to infants, especially when they are giving their infant a product that has caused accidental deaths in the past.

37.   No reasonable consumer would be willing to pay more money—and certainly not three times as much per ounce—for Infant's Products unless he or she had good reason to believe that Infant's Products were different than or superior to the Children's Products.

38.   Indeed, Defendant's misrepresentations and omissions, as described above, would be important to a reasonable consumer in deciding whether to purchase Infant's Products.

## <u>RULE 9(b) ALLEGATIONS</u>

39.   Defendant made material misrepresentations and failed to adequately disclose that the Products are the same. Except as identified herein, Plaintiff and Class members are unaware, and therefore, unable to identify, the true names and identities of those individuals at Defendant who are responsible for such material misrepresentations and omissions.

40.   Defendant made material misrepresentations regarding Infant's Products. Specifically, Defendant marketed, priced and sold Infant's Products in a manner to indicate to reasonable consumers that they are superior or somehow more appropriate for infants than Children's Products to justify charging the inflated price of Infant's Products. These representations were false and misleading because Infant's Products are the same as Children's Products.

41.   Defendant's advertising, in-store labeling, marketing, and placement of the Products contained the material misrepresentations, omissions, and non-disclosures continuously at every point of purchase and consumption throughout the Class Period.

42.     Defendant made numerous misrepresentations on the advertising, in-store labeling, marketing, and pricing of Infant's Products that were designed to, and, in fact, did, mislead Plaintiff and Class members into purchasing Infant's Products.

43.     Defendant made these material misrepresentations, omissions, and non-disclosures for the express purpose of inducing Plaintiff and other reasonable consumers to purchase or otherwise pay a price premium for Infant's Products based on the belief that Infant's Products were specifically designed for infants and different from the identical Children's Products. Defendant profited by selling Infant's Products to thousands of unsuspecting consumers.

## CLASS ACTION ALLEGATIONS

44.     Plaintiff seeks to bring this action as a class action, under Federal Rule of Civil Procedure 23, on behalf of herself and all others similarly situated.

45.     Plaintiff seeks to represent the following class: All persons who purchased Infant's Products for personal use in the United States (the "Nationwide Class").

46.     Plaintiff also brings this suit as a class action on behalf of the following subclass: All persons who purchased Infant's Products for personal use in California ("California Subclass").

47.     The following persons are excluded from the Nationwide Class and California Subclass (collectively, the "Classes"): Defendant, any entity in which Defendant has a controlling interest or which has a controlling interest in Defendant, and Defendant's legal representatives, assigns and successors. Also excluded are the judges to whom this case is assigned and any member of the judge's immediate family.

48.     Plaintiff reserves the right to re-define the Classes prior to class certification.

49.     The Classes satisfy the numerosity, commonality, typicality, adequacy,

predominance, and superiority requirement of Federal Rule of Civil Procedure 23(a) and (b)(3).

50. **Numerosity:** The members of the Classes are so numerous that joinder of all members of the Classes is impracticable. Although the precise number of members of the Classes is unknown to Plaintiff at this time, on information and belief, the proposed Classes contain thousands of purchasers of Infant's Products who have been damaged by Defendant's conduct as alleged herein.

51. **Existence and Predominance of Common Questions of Law and Fact:** There are questions of law and fact common to the Classes. These questions predominate over individual questions because the actions of Defendant complained of herein were generally applicable to the Classes. These legal and factual questions include, but are not limited to:

a. Whether Infant's Products and Children's Products are the same;

b. Whether Defendant knew or should have known that Infant's Products and Children's Products are the same;

c. Whether Defendant's conduct and/or omissions in its marketing, pricing and selling the Infant's product in the manner discussed herein indicated to the members of the Classes that Infant's Products were superior or somehow more appropriate for infants than Children's Products;

d. Whether Defendant's misrepresentations and omissions were material to reasonable consumers;

e. Whether Defendant's labeling, marketing, and the sale of Infant's Products constitute false advertising;

f. Whether Defendant's conduct injured Plaintiff and the Classes and, if so, the extent of the damages; and

g. The appropriate remedies for Defendant's conduct.

52. All questions as to the representations and publicly disseminated

advertisements and statements attributable to Defendant at issue herein are similarly common. A determination of Defendant's knowledge regarding the misleading and deceptive nature of the statements made in its website, advertisements, and labels will be applicable to all members of the Classes. Further, whether Defendant violated any applicable state laws and pursued the course of conduct complained of herein, whether Defendant acted intentionally or recklessly in engaging in the conduct described herein, and the extent of the appropriate measure of injunctive and declaratory relief, damages and restitutionary relief are common questions to the Classes.

53.    **Typicality:** Plaintiff's claims are typical of the Classes because Defendant injured all members of the Classes through the uniform misconduct described herein; all members of the Classes were subject to Defendant's false, misleading, and unfair marketing practices and representations, including the false and misleading claim that Infant's Products were different from Children's Products warranting a premium price; and Plaintiff seeks the same relief as the members of the Classes.

54.    Further, there are no defenses available to Defendant that are unique to Plaintiff.

55.    **Adequacy of Representation:** Plaintiff is a fair and adequate representative of the Classes because Plaintiff's interests do not conflict with the interests of the members of the Classes. Plaintiff will prosecute this action vigorously and is highly motivated to seek redress against Defendant. Further, Plaintiff has selected competent counsel that is experienced in class action and other complex litigation. Plaintiff and her counsel are committed to prosecuting this action vigorously on behalf of the Classes and have the resources to do so.

56.    **Superiority:** The class action mechanism is superior to other available means for the fair and efficient adjudication of this controversy for reasons including but not limited to the following:

a.   The damages individual members of the Classes suffered are small compared to the burden and expense of individual prosecution of the complex and extensive litigation needed to address Defendant's conduct.

b.   It would be virtually impossible for the members of the Classes individually to redress effectively the wrongs done to them. Even if they could afford such individual litigation, the court system could not. Individualized litigation would unnecessarily increase the delay and expense to all parties and to the court system and presents a potential for inconsistent or contradictory rulings and judgments. By contrast, the class action device presents far fewer management difficulties, allows the hearing of claims which might otherwise go unaddressed because of the relative expense of bringing individual lawsuits, and provides the benefits of single adjudications, economies of scale, and comprehensive supervision by a single court.

c.   The prosecution of separate actions by the individual members of the Classes would create a risk inconsistent or varying adjudications with respect to individual members of the Classes members, which would establish incompatible standards of conduct for Defendant.

d.   The prosecution of separate actions by individual members of the Classes would create a risk of adjudications with respect to them that would, as a practical matter, be dispositive of the interests of other members of the Classes not parties to adjudications or that would substantively impair or impede their ability to protect their interests.

57.   The claims of the Classes may be certified under Rule 23(b)(1), (b)(2) and/or (b)(3). The members of the Classes also seek declaratory and injunctive relief but also seek sizeable monetary relief.

/ / /

### **FIRST CAUSE OF ACTION**

**Violation of Consumers Legal Remedies Act (CLRA)**

**Cal. Civ. Code §§ 1750, *et seq.***

**(On behalf of Plaintiff and the California Subclass)**

58.     Plaintiff hereby incorporates paragraphs 1-57 as if fully set forth herein.

59.     Plaintiff and the California Subclass have standing to pursue this claim as they have suffered injury in fact and lost money as a result of Defendant's actions, as set forth herein.

60.     At all times relevant hereto, Defendant was and is a "person," as defined in Cal. Civ. Code § 1761(d).

61.     At all times relevant hereto, Defendant's Infant's Products are a "good," as defined in Cal. Civ. Code § 1761(d).

62.     At all relevant times hereto, Plaintiff and the California Subclass' purchases of Infant's Products constitutes "transactions," as defined in Cal. Civ. Code § 1761(e).

63.     The following subsections of the CLRA prohibit the following unfair methods of competition and unfair or deceptive acts or practices undertaken by any person in a transaction is intended to result or which results in the sale or lease of goods or services to any consumer:

64.     Cal. Civ. Code § 1770(a)(5): Representing that goods or services have sponsorship, approval, characteristics, ingredients, uses, benefits, or quantities which they do not have or that a person has a sponsorship, approval, status, affiliation, or connection which they do not have;

65.     Cal. Civ. Code § 1770(a)(9): Advertising goods or services with intent not to sell them as advertised; and,

66.     Cal. Civ. Code § 1770(a)(16): Representing that the subject of a transaction has been supplied in accordance with a previous representation when it has not.

67.     Defendant has violated and continues to violate Cal. Civ. Code § 1770(a)(5) by representing that Infant's Products have sponsorship, approval, characteristics, ingredients, benefits or quantities which they do not have.

68.     Defendant has violated and continues to violate Cal. Civ. Code § 1770(a)(9) by advertising Infant's Products with the intent not to sell them as advertised.

69.     Defendant has violated and continues to violate Cal. Civ. Code § 1770(a)(16) by representing Infant's Products have been supplied in accordance with previous representations when they have not.

70.     Defendant has violated and continues to violate Cal. Civ. Code § 1770(a)(5), (a)(9) and (a)(16) by deceiving consumers into thinking that infants cannot safely take Children's Products, and that they must buy the more expensive Infant's Products, as described more fully above. Indeed, Plaintiff and the California Subclass relied on Infant's Products packaging and shelf placement prior to purchase. These representations and omissions were uniformly made and would be important to a reasonable consumer in deciding whether or not to purchase Infant's Products. No reasonable consumer would be willing to pay approximately three times as much per ounce more unless he or she had good reason to believe that Infant's Products were different than the Children's Products.

71.     Defendant's misrepresentations and omissions were done with the intent to deceive Plaintiff and the California Subclass and to deprive them of their legal rights and money.

72.     Defendant knew that Infant's Products were not uniquely for infants, that Children's Products and Infant's Products are the same product, and that Children's Products are safe and suitable for infants. Defendant deceptively advertised or intentionally omitted in Infant's Products packaging, online materials, and commercials.

73.     Plaintiff is concurrently filing the declaration of venue required by Cal. Civ. Code § 1780(d).

74.     The policies, acts, and practices hereto described were intended to result in the sale of Infant's Products to the consuming public, particularly to cautious parents with sick infants who needed medicine, and violated and continue to violate Cal. Civ. Code § 1770(a)(5) by representing that Infant's Products have characteristics, benefits, uses, or quantities which they do not have.

75.     Defendant's actions as described herein was done with conscious disregard of Plaintiff and the California Subclass' rights, and Defendant has acted wantonly and maliciously in its concealment of the same.

76.     Defendant's wrongful business practices constituted, and constitute, a continuing course of conduct in violation of the CLRA as Defendant continues to make the same misrepresentations and omit material information regarding Infant's Products.

77.     Pursuant to Cal. Civ. Code § 1780(a), Plaintiff and the California Subclass currently seek restitution and an order enjoining Defendant from engaging in the methods, acts and practices alleged herein, and any other relief deemed proper by the Court.

78.     In accordance with Cal. Civ. Code § 1782, and prior to the filing of this Complaint, Plaintiff, on April 20, 2020, mailed a notice and demand letter by certified mail, return receipt requested, to Defendant. Plaintiff notified Defendant of its violations of § 1770, as described above, and demanded that Defendant correct the problems associated with the actions detailed above and give notice to all affected consumers of its intent to so act. Defendant received the notice and demand letter on April 24, 2020.

79.     Because Defendant has failed to fully rectify or remedy the damages caused after waiting more than the statutorily required 30 days after it received both the notice and demand letters, Plaintiff and the California Subclass seek actual,

1 punitive, and statutory damages, restitution, attorneys' fees and costs, and any other
2 relief this Court deems proper as a result of Defendant's CLRA violations.

3 ## SECOND CAUSE OF ACTION

4 **Violation of California's False Advertising Law (FAL)**

5 **Cal. Bus. & Prof. Code §§ 17500, *et seq.***

6 **(On behalf of Plaintiff and the Nationwide Class)**

7     80.    Plaintiff hereby incorporates paragraphs 1-57 as if fully set forth herein.

8     81.    In marketing, advertising and labeling Infant's Products, Defendant
9 made, and continues to make, false and misleading statements in order to induce
10 consumers into purchasing Infant's Products on a false premise.

11     82.    In marketing, advertising and labeling Infant's Products, Defendant
12 failed and continues to fail to make material disclosures, including a disclosure
13 notifying consumers that Infant's Products is the same product as Children's
14 Products.

15     83.    Defendant is aware that the claims that it makes about Infant's Products
16 are false, misleading, without basis, and unreasonable.

17     84.    Defendant engaged in the deceptive conduct alleged above in order to
18 induce the public to purchase the more expensive Infant's Products, instead of
19 Children's Products.

20     85.    In marketing, advertising and labeling Infant's Products described
21 above, Defendant knew or should have known that its statements regarding the uses
22 and characteristics of Infant's Products were false and misleading.

23     86.    Defendant's misrepresentations of the material facts detailed above
24 constitute unfair and fraudulent business practices within Cal. Bus. & Prof. Code §
25 17200.

26     87.    Defendant had reasonably available alternatives to further its legitimate
27 business interests, other than the conduct described herein.

28     88.    All of the conduct alleged herein occurs and continues to occur in

Defendant's business. Defendant's wrongful conduct is part of a course of conduct repeated on hundreds, if not thousands, of occasions every day.

89. Plaintiff and the Nationwide Class were misled into purchasing Infant's Products by Defendant's deceptive conduct and misleading advertising as alleged above.

90. Plaintiff and the Nationwide Class were misled and, because the misrepresentations and omissions were uniform and material, presumably believed that Infant's Products has benefits which it does not; namely that it is more suitable and safer for infants than the Children's Products.

91. Additionally, Defendant's use of various forms of advertising and marketing have deceived and are likely to continue deceiving the consuming public, in violation of California Business and Professions Code § 17500.

92. As a result of Defendant's wrongful conduct, Plaintiff and the Nationwide Class have suffered injury in fact and have lost money. Indeed, Plaintiff and the Nationwide Class purchased Infant's Products because of Defendant's misrepresentations that Infant's Products are a more suitable and safer OTC medicine for infants than Children's Products. Plaintiff and the Nationwide Class would not have purchased Infant's Products if they had known that the advertising and representations as described herein were false.

## THIRD CAUSE OF ACTION

### Violations of Unfair Competition Law (UCL)

### Unlawful, Fraudulent & Unfair Business Practices

### Cal. Bus. & Prof. Code §§ 17200, *et seq.*

### (On behalf of Plaintiff and the Nationwide Class)

93. Plaintiff hereby incorporates paragraphs 1-57 as if fully set forth herein.

94. As alleged above, Plaintiff and the Nationwide Class have standing to pursue this claim as they have suffered injury in fact and have lost money or property as a result of Defendant's actions. Specifically, prior to the filing of this

action, Plaintiff and the Nationwide Class purchased Infant's Products for their own personal household use. In so doing, they relied on Defendant's misrepresentations and omissions of material facts, as alleged in detail above. Had Defendant disclosed to Plaintiff and the Nationwide Class that Infant's Products and Children's Products are identical and that Children's Products are in fact suitable and safe for infants, they would not have purchased the more expensive Infant's Products.

95.    Defendant's misrepresentations and omissions of material fact as alleged herein constitute unlawful, unfair, and fraudulent business practices in that they deceived Plaintiff and the Nationwide Class into believing that the Infant's Products are somehow specially formulated for infants and different from the less expensive Children's Products.

96.    Defendant is aware that the claims that it makes about Infant's Products are deceptive, false and misleading. Defendant is also aware that consumers with infants, such as Plaintiff, tend to be more cautious about what medicine to give their baby, especially when they are giving their baby a product that has caused accidental deaths in the past.

97.    Defendant's actions as described herein constitute unfair competition within the meaning of California's UCL, insofar as the UCL prohibits "any unlawful, unfair or fraudulent business act or practice" or "unfair, deceptive, untrue or misleading advertising."

98.    Defendant's conduct constitutes an "unlawful" business practice within the meaning of the UCL because it violates the CLRA and FAL.

99.    Defendant's conduct constitutes an "unfair" business practice within the meaning of the UCL because it is immoral, unethical, oppressive, unscrupulous and/or substantially injurious to consumers. Plaintiff and the Nationwide Class were misled because Defendant's misrepresentations and omissions, described above, were uniform and material. Plaintiff and the Nationwide Class reasonably relied on those misrepresentations and material omissions, believing based thereon that the

Products are not identical, and that Infant's Products are in fact the only suitable OTC pain and fever reliever for infants. As a result of Defendant's misrepresentations and omissions, Plaintiff and the Nationwide Class lost money or property.

100. Plaintiff and the Nationwide Class were misled and, because the misrepresentations and omissions were uniform and material, presumably believed that the Products are not identical, and that Infant's Products are in fact the only suitable OTC pain and fever reliever for infants.

101. Defendant's conduct constitutes a "fraudulent" business practice within the meaning of the UCL insofar as Defendant's misrepresentations and omissions regarding the formulation of the Infant's Products are likely to deceive members of the public.

102. As a direct and proximate result of Defendant's wrongful business practices in violation of the UCL, Plaintiff and the Nationwide Class have suffered injury-in-fact and lost money or properly as a result of purchasing the Infant's Products. Plaintiff and the Nationwide Class members would not have purchased or paid as much for the Infant's Products had they known they were identical to the less expensive Children's Products.

103. Defendant's wrongful business practices constitute a continuing course of conduct of unfair competition since Defendant is labeling, marketing, and selling the Infant's Products in a manner likely to deceive the public.

104. Pursuant to section 17203 of the UCL, Plaintiff and the Nationwide Class seek an order of this Court enjoining Defendant from engaging in the unfair and fraudulent business practices alleged herein, in connection with the sale of the Products.

105. Additionally, Plaintiff and the Nationwide Class seek an order awarding restitution of the money wrongfully acquired by Defendant by means of the unfair and fraudulent business practices alleged herein.

## FOURTH CAUSE OF ACTION

### Violation of The Magnuson-Moss Warranty Act

### 15 U.S.C. §§ 2301 *et seq.*

### (On behalf of Plaintiff and the Nationwide Class)

106.   Plaintiff hereby incorporates paragraphs 1-57 as if fully set forth herein.

107.   Plaintiff brings this cause of action on behalf of herself and on behalf of the Nationwide Class. Upon certification, the Class will consist of more than 100 named plaintiffs.

108.   The Magnuson-Moss Warranty Act provides a federal remedy for consumers who have been damaged by the failure of a supplier or warrantor to comply with any obligation under a written warranty or implied warranty, or other various obligations established under the Magnuson-Moss Warranty Act, 15 U.S.C. §§ 2301 *et seq*.

109.   The Infant's Products are "consumer products" within the meaning of the Magnuson-Moss Warranty Act, 15 U.S.C. § 2301(1).

110.   Plaintiff and the Nationwide Class members are "consumers" within the meaning of the Magnuson-Moss Warranty Act, 15 U.S.C. § 2301(3).

111.   Defendant is the "supplier" and "warrantor" of the Infant's Products within the meaning of the Magnuson-Moss Warranty Act, 15 U.S.C. §§ 2301(4) & 2301(5).

112.   Defendant represented in writing that the Infant's Products were manufactured or designed for infants by prominently displaying the word "infant's" on the front-label packaging and the product information and price tags display next to Infant's Products on the store shelves.

113.   These statements were made in connection with the sale of the Infant's Products and relate to the nature of the Infant's Products and affirm and promise that the Infant's Products are as represented and, as such, are "written warranties" within the meaning of the Magnuson-Moss Warranty Act, 15 U.S.C. § 2301(6)(A).

114.   As alleged herein, Defendant breached the written warranty by selling consumers Infant's Products that were nothing more than Children's Products with the word "infant's" prominently displayed.

115.   The Infant's Products do not conform to Defendant's written warranty and therefore violate the Magnuson-Moss Warranty Act, 15 U.S.C. §§ 2301 *et seq*. Consequently, Plaintiff and the Nationwide Class have suffered injury and are entitled to damages in an amount to be proven at trial.

116.   On April 20, 2020, mailed a pre-litigation letter by certified mail, with return receipt requested, to Defendant notifying that the conduct, as alleged herein, violated the Magnuson-Moss Warranty Act.

## FIFTH CAUSE OF ACTION

### Breach of Express Warranty

### (On behalf of Plaintiff and the Nationwide Class)

117.   Plaintiff hereby incorporates paragraphs 1-57 as if fully set forth herein.

118.   As part of each contract for the sale of Infant's Products, Defendant represented that the Infant's Products were manufactured or designed for infants by prominently displaying the word "infant's" on the front-label packaging and the product information and price tags display next to Infant's Products on the store shelves.

119.   Defendant's representations that represented to consumers that the Infant's Products were manufactured, developed, and designed to be used for infants constituted express warranties and became part of the basis of the bargain between Plaintiff and the Nationwide Class, on the one hand, and Defendant, on the other.

120.   Defendant represented that Infant's Products were manufactured, developed, and designed to be used for infants to induce Plaintiff and the Nationwide Class to purchase Infant's Products, and pay more for them than they otherwise would have had they known the truth.

121.   Plaintiff   and   the   Nationwide   Class   relied   on   Defendant's representations that Infant's Products were manufactured, developed, and designed to be used for infants, when it knew that the Children's Products were the same product, yet sold at a significantly lower cost.

122.   Plaintiff and the Nationwide Class have performed all conditions precedent to Defendant's liability under the above-referenced contracts when they purchased the Infant's Products for their ordinary purposes.

123.   Defendant breached its express warranties about Infant's Products because they were nothing more than Children's Products with the word "infant's" prominently displayed.

124.   As a result of Defendant's breach of express warranties, Plaintiff and the Nationwide Class were damaged in the amount of the purchase price or the premium they paid for the Infant's Products, together with interest thereon from the date of purchase, in an aggregate amount that Plaintiff will prove at trial.

125.   On April 20, 2020, a reasonable time after they knew or should have known of such breach, Plaintiff, on behalf of herself and the other members of the Nationwide Class, sent a notice letter to Defendant which provided notice of Defendant's breach and demanded that Defendant correct, repair, replace, or otherwise rectify the breach complained of herein. Defendant received the letter on April 24, 2020. The letter also stated that if Defendant refused to do so, a complaint would be filed seeking damages. Defendant failed to comply with the letter.

126.   Plaintiff and the Nationwide Class seek actual damages and punitive damages for Defendant's breach of warranty, in an amount to be proven at trial.

127.   On April 20, 2020, mailed a pre-litigation letter by certified mail, with return receipt requested, to Defendant notifying that the conduct, as alleged herein, breached the express warranty.

/ / /

/ / /

## SIXTH CAUSE OF ACTION

### Unjust Enrichment

### (On behalf of Plaintiff and the Nationwide Class)

128.   Plaintiff hereby incorporates paragraphs 1-57 as if fully set forth herein.

129.   Plaintiff, on behalf of herself and on behalf of the Nationwide Class, brings a common law cause of action for unjust enrichment.

130.   Defendant's conduct violated, *inter alia*, state and federal law by manufacturing, advertising, marketing, and selling Infant's Products while misrepresenting and omitting material facts.

131.   Defendant's unlawful conduct as described in this Complaint allowed Defendant to knowingly realize substantial revenues from selling Infant's Products at the expense of, and to the detriment or impoverishment of, Plaintiff and the Nationwide Class, and to Defendant's benefit and enrichment. Defendant has thereby violated fundamental principles of justice, equity, and good conscience.

132.   Plaintiff and the Nationwide Class conferred significant financial benefits and paid substantial compensation to Defendant for Infant's Products, which were not as Defendant represented them to be.

133.   Under California's common law principles of unjust enrichment, it is inequitable for Defendant to retain the benefits conferred by Plaintiff's and the Nationwide Class' overpayments.

134.   Plaintiff and the Nationwide Class seek disgorgement of all profits resulting from such overpayments and establishment of a constructive trust from which Plaintiff and the Nationwide Class may seek restitution.

### PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, on behalf of herself and the Classes, prays for judgment as follows:

(a)    Certifying that the action may be maintained as a Class Action and that Plaintiff be appointed the Class Representative and its counsel as Class

Counsel;

(b) Declaring that Defendant is financially responsible for notifying the members of the Class of the pendency of this suit;

(c) Declaring that Defendant has committed the violations of law alleged herein;

(d) Providing for any and all injunctive relief the Court deems appropriate;

(e) Awarding statutory damages in the maximum amount for which the law provides;

(f) Awarding monetary damages, including but not limited to any compensatory, incidental, or consequential damages in an amount that the Court or jury will determine, in accordance with applicable law;

(g) Providing for any and all equitable monetary relief the Court deems appropriate;

(h) Awarding Plaintiff's reasonable costs and expenses of suit, including attorneys' fees;

(i) Awarding pre- and post-judgment interest to the extent the law allows; and

(j) For such further relief as this Court may deem just and proper.

## **<u>DEMAND FOR JURY TRIAL</u>**

Plaintiff demands a trial by jury on all issues so triable.

DATED: June 30, 2020          **PEARSON, SIMON & WARSHAW, LLP**


By:    *<u>/s/ Daniel L. Warshaw</u>*


DANIEL L. WARSHAW (Bar No. 185365)
dwarshaw@pswlaw.com
NAVEED ABAIE (Bar No. 323338)
nabaie@pswlaw.com

**PEARSON, SIMON & WARSHAW, LLP**
15165 Ventura Boulevard, Suite 400
Sherman Oaks, CA 91403
Telephone: (818) 788-8300
Facsimile: (818) 788-8104

MELISSA S. WEINER*
   mweiner@pswlaw.com
JOSEPH C. BOURNE (Bar No. 308196)
   jbourne@pswlaw.com
**PEARSON, SIMON & WARSHAW, LLP**
800 LaSalle Avenue, Suite 2150
Minneapolis, MN 55402
Telephone: (612) 389-0600

ANDREW J. SHAMIS*
   ashamis@shamisgentile.com
**SHAMIS & GENTILE, P.A.**
14 NE 1st Avenue, Suite 1205
Miami, FL 33132
Telephone: (305) 479-2299

SCOTT EDELSBERG (Bar No. 330990)
   scott@edelsberglaw.com
**EDELSBERG LAW, P.A.**
20900 NE 30th Avenue, Suite 417
Aventura, FL 33180
Telephone: (305) 975-3320

RACHEL DAPEER*
   Rachel@dapeer.com
**DAPEER LAW, P.A.**
300 S. Biscayne Blvd, #2704
Miami, FL 33131
Telephone: (305) 610-5523

*Attorneys for Plaintiff and the Proposed Class*

*\*Pro Hac Vice* Forthcoming